WILLIAM DIERS v. E. R. WARD.[1]

November 21, 1902.

Nos. 13,256—((119).

## Adverse Possession—Evidence.

Evidence upon an issue of title to real estate *held* reasonably to support the findings of the trial court that plaintiff had been in adverse posses-

[1] Reported in 92 N. W. 402.

sion thereof for more than fifteen years prior to the commencement of the action, and to sustain the conclusion of law that he was the owner thereof.

Appeal by defendant from an order of the district court for Scott county, Cadwell, J., denying a motion for a new trial. Affirmed.

*F. C. Irwin,* for appellant.

*H. J. Peck,* for respondent.

LOVELY, J.

Action to determine adverse claim of defendant to an acre and a half of land in Scott county. The action was tried to the court, who made findings and ordered judgment for plaintiff.

We have carefully examined the assignments of error, which, so far as material, challenge the sufficiency of the evidence to support the conclusions of fact and law reached by the trial court. The controversy here concededly depends upon the question of possession to the small piece of land in question for fifteen years and more previous to the commencement of the action. It appears that this tract, which lies between the railway of the Chicago, St. Paul, Minneapolis & Omaha road and the Minnesota river, was purchased in 1884 by plaintiff. He omitted to place his deed on record. Within a year thereafter defendant in good faith, and without knowledge of plaintiff's purchase, bought several pieces of land of the first owner, included in which was the tract in dispute, and recorded his deed at once. Plaintiff, mistakenly supposing that the small strip in controversy was a portion of a lot belonging to him described as lot No. 6, inclosed the same with such lot from the railroad right-of-way fence to the river, and continued to occupy and utilize the same for the purposes of husbandry for a period of more than fifteen years previous to the commencement of this action, as the court has found upon evidence reasonably tending to support that conclusion. Defendant paid taxes on the next lot, No. 5, with which the land in dispute was included by accurate survey, but plaintiff was not aware during this time that it was a part of the last-named lot, and supposed that he was paying taxes upon the land in question as a part of lot

No. 6; so that the real question is one of mistaken boundary, which was determined by the inclusion of the strip of land in question and plaintiff's adverse and hostile possession the legal period for that purpose under the findings of the court.

Order affirmed.